IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JONATHAN MALO VALLES** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00576-DB** |
| | § | |
| **MARY DE-ANDA,** *Office Director of the* | § | |
| *Immigration El Paso, Enforcement and* | § | |
| *Removal Operations,* | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered the above captioned case. On February 27, 2026, Petitioner Jonathan Malo Valles filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No.[1] 1. Therein, Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"), arguing his detention violates the Due Process Clause and the Administrative Procedures Act ("APA"). ECF No. 1 at 15–24. After due consideration, the Court finds it lacks jurisdiction to review Petitioner's claims because Petitioner was already provided a bond hearing before an Immigration Judge. Accordingly, the Petition for Writ for Habeas Corpus must be denied.

## BACKGROUND

Petitioner is a Mexican national who entered the United States in 2024. ECF No. 1 at 6–7. Petitioner was born in Ciudad Juarez, Mexico, and would frequently travel between Mexico and the United States to visit his father in El Paso, Texas, using a tourist visa. *Id.* at 7. Petitioner overstayed this visa, and, on August 23, 2025, was arrested for driving while intoxicated. *Id.* at 8;

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

ECF No. 4 at 2. The next day, Petitioner was ordered released on bond. *Id.* at 9. After posting bond on August 25, 2025, Petitioner was apprehended and detained by immigration officials. *Id.* On December 17, 2025, Petitioner received a custody redetermination hearing before an immigration judge ("IJ"). ECF No. 4 at 2; ECF No. 1 at 90. During the hearing, the IJ denied Petitioner bond, finding Petitioner posed a danger to the community. *Id.*

On February 27, 2026, Petitioner filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, challenging the legality of his detention and asking the Court to order a bond hearing. ECF No. 1 at 27. Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 4, on March 5, 2026.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## ANALYSIS

In addressing the Petition, the Court first considers whether it has jurisdiction to decide Petitioner's claims. Here, Petitioner raises claims under both the Due Process Clause[2] and

---

[2] *See* ECF No. 1 at 15 (arguing Respondents' "blanket denial" of access to a bond hearing violates Petitioner's procedural due process rights).

Administrative Procedures Act.[3] However, Petitioner's claims are largely predicated on allegations that no individualized custody determination was made, which is simply untrue based on Petitioner's own assertions. Petitioner was provided with a bond hearing on December 17, 2025, where the IJ denied bond based on danger to the community. ECF No. 1 at 9–10, 90. Pursuant to 8 U.S.C. § 1226(e), the Court is prohibited from setting aside this decision.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress provided in 8 U.S.C. § 1226(e) that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." 8 U.S.C. § 1226(e). The statute explicitly prohibits the courts from setting aside "any action or decision. . . regarding the detention or release of any [noncitizen] or the grant, revocation, or denial of bond or parole." *Id.* Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[4] The Petition must be denied.[5]

---

[3] *See* ECF No. 1 at 21–22 (arguing (1) Respondents' decision to detain Petitioner and refusal to "seriously consider" releasing him is arbitrary and capricious; and (2) Respondents' continued detention of Petitioner without affording him a bond hearing constitutes an unlawful agency action under the APA).

[4] This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case. Petitioner concedes he has in fact received an individualized hearing on the merits during his current detention period but otherwise attempts to challenge Respondents' mandatory detention policy. The Court declines jurisdiction to review the Immigration Judge's substantive findings.

[5] As to the APA claims, the Court also finds it does not have subject matter jurisdiction because Petitioner lacks standing because he has not suffered an injury in fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("Standing under Article III of the Constitution requires that an injury

## CONCLUSION

For the reasons stated above, the Court determines it cannot exercise jurisdiction over Petitioner's claims. Accordingly, **IT IS HEREBY ORDERED** Petitioner Jonathan Malo Valles' "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ECF No. 1, is **DENIED.**

**IT IS FURTHER ORDERED** the District Clerk's Office **SHALL MAIL** a copy of this order to Petitioner's address on file.

**SIGNED** this **5th** day of **May 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."). Petitioner has received a bond hearing, making any alleged injury under the APA illusory.